OPINION
This timely appeal arises from the judgment of the Jefferson County Court of Common Pleas, Juvenile Division, Jefferson County, Ohio, adjudicating Appellant a delinquent child for resisting arrest. Appellant challenges the ruling of the trial court by asserting that the judgment is against the manifest weight of the evidence presented during the trial to the court. For all of the reasons that follow, this Court affirms the judgment of the trial court.
On July 1, 1997, the Wintersville Police Department received reports from the families of two juvenile girls indicating that the girls were runaways and were believed to be with Joseph Irizarry ("Appellant") and his older brother. Officers Franco Pinacchio and Joseph Buchmelter of the Wintersville Police Department were on routine patrol when they observed a car matching the description of the vehicle the girls and Appellant were believed to occupy. As a result, the officers stopped the vehicle and ordered all of the occupants out of the car. During the course of the investigation conducted during the stop, the officers learned that the girls in the vehicle were the ones identified in the original radio report.
Officer Pinacchio questioned Appellant who stated that he was sixteen (16) years old and had been drinking. As a result, Officer Pinacchio placed Appellant under arrest, placed his right hand on Appellant's upper left arm and led Appellant toward the patrol car. While being escorted to the patrol car, Appellant threw his left arm up causing Officer Pinacchio to lose his grip on Appellant's arm. (Transcript, p. 11). After Appellant pulled away and swung his arms wildly, he was warned to stop swinging. (Transcript, p. 26). Officer Pinacchio then wrestled Appellant to the ground and with the assistance of several other officers, handcuffed Appellant. Appellant argues that once on the ground, Officer Pinacchio kicked Appellant in the face. This allegation is denied by the police officer.
After being handcuffed, the officers attempted to place Appellant in the backseat of the patrol car. Appellant, however, began kicking his feet and legs forcing the police officers to shackle Appellant. Once fully restrained and placed in the patrol car, Appellant began repeatedly banging his head on the cage inside the car requiring an ambulance to transport Appellant to a local hospital. (Transcript, p. 15)
In addition to charging Appellant with underage consumption of alcohol and a violation of curfew mandated by the conditions of his probation, Appellant was charged with resisting arrest in violation of R.C. § 2921.33 (A), a second degree misdemeanor. After resolution of some procedural matters unrelated to the instant appeal, Appellant was tried to the court on the charge of resisting arrest. The trial court found Appellant guilty as charged and sentenced Appellant to six (6) months continued probation, twenty-four hours of community service and mandated daily school attendance. Execution of sentence was suspended pending appeal.
In his sole assignment of error, Appellant argues that:
 "THE DECISION OF THE TRIAL COURT ADJUDICATING APPELLANT A DELINQUENT CHILD FOR COMMITTING THE OFFENSE OF RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant alleges that he did not begin to yell and struggle with the police officers until after Officer Pinacchio kicked Appellant in the face. Appellant further asserts that this unreasonable use of physical force justified Appellant's resistance and therefore his conviction for resisting arrest is against the manifest weight of the evidence.
The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in trial to support one side of the issue rather than the other. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, citing State v. Lott (1990),51 Ohio St.3d 160, 167. The role of this Court, in reviewing whether a given verdict is against the manifest weight of the evidence, is to determine if the trier of fact "lost its way."Thompkins, supra at 387. Therefore, our inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, 272, citing Jackson v.Virginia, (1979), 443 U.S. 307. 319. Accordingly, we will exercise our discretionary power to grant a new trial only in exceptional cases and only where the evidence weighs heavily against the conviction. Thompkins, supra at 387. The instant matter does not present such a case.
The crime for which Appellant was convicted, resisting arrest, is codified in R.C. § 2921.33 (A). That statutory section provides that, "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." It is important to note that Appellant is not asserting that the arrest was unlawful or that he did not resist and/or interfere with the arrest. Instead, Appellant takes the position that his resistance to arrest was justified after Officer Pinacchio allegedly kicked Appellant in the face. Appellant draws this Court's attention to the Ohio Supreme Court's ruling in City ofColumbus v. Fraley (1975), 41 Ohio St.2d 173, for support.
In Fraley, the Court held:
 "In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances."
Id. at paragraph 3 of syllabus.
It is clear that Fraley provides no support for Appellant's argument and his reliance on that holding is misplaced. During the trial, the court heard testimony that Officer Pinacchio placed Appellant under arrest and began escorting Appellant to the front of the patrol car. (Transcript, p. 37). Once Officer Pinacchio attempted to put handcuffs on Appellant, Appellant jerked his arm up and away in an attempt to free himself from the officer's grasp. (Transcript, p. 58). Appellant himself testified that he was aware he was under arrest when he jerked his arm away but offered no explanation for this resistance. (Transcript, p. 62). Officer Pinacchio testified that once Appellant jerked his arm away, Appellant began swinging and flailing his arms in such a manner that almost caused Officer Pinacchio to be struck. (Transcript, p. 24). Pinacchio's testimony was corroborated by the testimony of his partner, Officer Buchmelter.
Officer Buchmelter testified that while he was on the radio with police dispatch, he observed Appellant, "throw his arms kind of wildly swinging them around and [then] Patrolman Pinacchio tried to get control of him." (Transcript, p. 32) Officer Robert Nottingham, a thirty-three (33) year veteran of the Wintersville Police Department, confirmed the chronology of events testified to by Officers Pinacchio and Buchmelter. Officer Nottingham testified that he observed Officer Pinacchio attempt to place handcuffs on Appellant when Appellant began, "putting up a fight" and "resisting arrest, throwing his arms around." (Transcript, p. 42). Officer Kenneth Cesaro testified that Appellant was, "flailing his arms and resisting arrest" and that Officer Pinacchio required assistance in restraining Appellant. (Transcript, pp. 50-51). All four of the police officers denied Appellant's allegation that Appellant was kicked.
Appellant's claim that he was kicked in the face allegedly occurred after the struggle testified to by all of the witnesses. Therefore, even assuming arguendo that Appellant was, in fact, kicked as alleged, that use of physical force took place after Appellant's resistance to an admitted lawful arrest. Appellant is unable to claim justified resistance to excessive police force prior to that force being used or threatened. As such, Appellant's defense based upon the holding in Fraley, supra, is unsupported.
Based on the evidence presented at trial, this Court is unable to say that the trier of fact, in this case the trial court, lost its way and that a miscarriage of justice has occurred. Indeed, the evidence before the trial court was essentially unrefuted as to the events which took place prior to the alleged kicking incident. Therefore, it is clear that there is an overwhelming amount of evidence, including Appellant's own testimony, to support the conclusion that Appellant used force to resist a valid arrest absent the use of excessive or unnecessary force by the arresting officer. Appellant's argument to the contrary is baseless.
For all of the foregoing reasons, Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
Cox, P.J., concurs, Vukovich, J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE